IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-63,389-01






EX PARTE NICHOLAS RYAN LEACH, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS 


FROM CAUSE NO. F-96-112-7 IN THE 7TH JUDICIAL DISTRICT COURT OF
SMITH COUNTY



 

 Per curiam.


 O R D E R



 This is an application for a writ of habeas corpus which was transmitted to this Court 
pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. Applicant was convicted
of the offense of murder, and punishment was assessed at seventy-five years' confinement. 
Applicant's conviction was affirmed on appeal. Leach v. State No. 12-97-00037-CR (Tex.
App. --Tyler, delivered November 4, 1998, no pet.).

 Applicant contends inter alia that he was denied effective assistance of trial counsel,
because counsel only met with him once prior to trial, failed to investigate or interview
witnesses, failed to request a competency hearing, failed to preserve error with respect to
violations of a defense motion in limine granted by the trial court prior to trial, failed to
request or argue a lesser-included offense instruction, and refused to allow Applicant to
testify on his own behalf. 

 The trial court has not entered findings of fact or conclusions of law. We believe that
Applicant has alleged facts that, if true, might entitle him to relief. Therefore, it is this
Court's opinion that additional facts need to be developed and because this Court cannot hear
evidence, the trial court is the appropriate forum. The trial court may resolve those issues
as set out in Tex. Code Crim. Proc. art. 11.07, § 3 (d), in that it may order affidavits,
depositions, or interrogatories from trial counsel, or it may order a hearing. In the
appropriate case the trial court may rely on its personal recollection. 

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the trial court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 Following receipt of additional information, the trial court shall make findings of fact
as to whether counsel discussed Applicant's case with him or conferred with him prior to
trial, whether counsel investigated and interviewed witnesses, and whether counsel was
prepared to take the case to trial. The trial court shall also make findings as to whether there
was any indication that Applicant was not competent to stand trial, and if so why no
competency evaluation was conducted. The trial court shall make findings as to whether
counsel failed to object to evidence or testimony that was the subject of a motion in limine,
and if so why. The court shall make findings as to whether the evidence at trial raised any
lesser included offenses, and if so, whether counsel requested instructions on any such lesser-included offenses. The trial court shall make findings as to whether Applicant expressed a
desire to testify on his own behalf, and if so whether counsel informed him that it was
ultimately his decision whether to take the stand or not. The trial court shall also make any
further findings of fact and conclusions of law it deems relevant and appropriate to the
disposition of the application for writ of habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 334 S.W.2d 294 (Tex.
Crim. App. 1960), this application for a post-conviction writ of habeas corpus will be held
in abeyance pending the trial court's compliance with this order. Resolution of the issues
shall be accomplished by the trial court within ninety days of the date of this order. (1) A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within
one hundred and twenty days of the date of this order. (2)

 IT IS SO ORDERED THIS THE 14th DAY OF December, 2005.





EN BANC

DO NOT PUBLISH 

 
1. In the event any continuances are granted, copies of the order granting the continuance
should be provided to this Court.
2. Any extensions of this time period should be obtained from this Court.